UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JERMAINE BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:23-cv-00374-JMS-MKK |
| | ) |
| KOZIATEK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Shane Koziatek, Keifer Chesterfield, and John Mayes ("Defendants"), by counsel, respectfully submit their Memorandum in Support of Defendants' Motion for Partial Summary Judgment.

**INTRODUCTION**

Plaintiff, Jermaine Bradley, is incarcerated within the Indiana Department of Correction ("IDOC") and is currently housed at Wabash Valley Correctional Facility ("WVCF"). Bradley filed his Complaint on July 25, 2023, alleging that Defendants were deliberately indifferent to the conditions at WVCF by forcing him to go without a mattress and placing him in a cell which contained human waste. (Filing No. 1 at 8-9); (Filing No. 10 at 2). Specifically, Bradley alleges that "Sgt [Koziatek], Ofc Chesterfield, Ofc Mayes, and Ofc Alvarez forced me to sleep on the hard cement floor and denied providing me with my mattress for 35 hours being deliberately [indifferent] to my serious medical need." (Filing No 1 at 9). The Court screened Bradley's Complaint and permitted him to proceed with Eighth Amendment deliberate indifference claims against Defendants. (Filing No. 10 at 2). Since the Court issued its screening order, the parties have engaged in discovery and Bradley has been deposed. Defendants recognize that there are

genuine disputes of material facts regarding the actual conditions of his cell while on suicide watch; however, the undisputed evidence shows that Defendants are entitled to summary judgment on Bradley's Eighth Amendment claims regarding his mattress. Bradley's claims regarding his mattress are de minimis and do not rise to the level of an Eighth Amendment violation.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. On May 6, 2022, Bradley was living in the Secured Confinement Unit ("SCU") at Wabash Valley Correctional Facility. **Exhibit A- Bradley Deposition Transcript** (Bradley Dep. at 17:10-13; Filing No. 36-1 at 17).

2. On May 6, 2022, Bradley attempted suicide by cutting his wrists. He was subsequently placed on suicide watch and placed in a strip cell. (Bradley Dep. at 14:1-2; Filing No. 36-1 at 17); (Filing No. 1 at 19, ¶ 51).

3. Bradley was placed on suicide watch by a mental health provider. His mental health orders indicate that he was placed on suicide watch with close observation, was placed on strip cell in a holding cell with only a suicide kimono, and was limited to a mattress at bedtime. **Exhibit B- Adult Mental Health Orders** (Filing No. 36-2 at 1).

4. Bradley was on suicide watch for five or six days. Of those days, Bradley went without a mattress for one night. He was without a mattress for approximately 35 hours. (Bradley Dep. at 15:6-24, Filing No. 36-1 at 15); (Filing No. 1 at 19).

5. While Bradley was without a mattress between May 9, 2022, and May 10, 2022, he asked Defendants Koziatek, Chesterfield, and Mayes for a mattress, but they did not bring him one. (Filing No. 1 at 19).

6. Shane Koziatek was Sergeant in the SCU at WVCF in May of 2022. The decision to place an inmate on suicide watch is made by a mental health provider or medical provider.

    Correctional Staff are not involved in placing an inmate on suicide watch further than reporting a suicide attempt or suicidal ideation to a medical or mental health provider. **Exhibit C- Affidavit of Shane Koziatek** (Filing No. 36-3 at 1, ¶ 3-4).

7. When an inmate is placed on suicide watch, they are removed from their cell, placed in a suicide smock, and placed in a holding cell, which is empty except for a toilet, sink, and bunk. (Filing No. 36-3 at 1, ¶ 5).

8. Correctional staff defer to the orders of mental health providers regarding treatment of inmates on suicide watch. (Filing No. 36-3 at 2, ¶ 7).

9. When mental health orders that an individual on suicide watch go without a mattress during the day, officers on night shift will provide the mattress for the individual to sleep on at night, unless otherwise directed by the mental health provider, or if the individual refuses their mattress. (Filing No. 36-3 at 2, ¶ 9).

10. Bradley claims that, as a result of sleeping without a mattress for one night, he suffered back pain. He sought medical attention and was provided with Tylenol on May 25, 2022. **Exhibit D- Bradley Medical Record** (Filing No. 36-4 at 2).

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A party moving for summary judgment must show "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Thereafter, a non-moving party responding to a properly made and supported summary judgment motion must set forth facts showing a genuine issue of material fact from which a reasonable jury

could return a verdict in its favor. See *Wolf v. City of Fitchburg*, 870 F2d 1327, 1329 (7th Cir. 1989). An issue is genuine only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Mere conclusory assertions, whether made in pleadings or affidavits, are not sufficient to defeat a proper motion for summary judgment. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985). Furthermore, speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment. *Headberg v. Indiana Bell Telephone Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995). The task of the Court is "to decide, based upon the evidence in the record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Of course, not every disputed fact is material. It is only material if it might affect the outcome of the suit in light of the substantive law. *Warner v. City of Terre Haute, Ind.*, 30 F. Supp. 2d 1107, 1117 (S.D. Ind. 1998). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).

## ARGUMENT

### A. Defendants did not violate Bradley's Eighth Amendment rights.

The Eighth Amendment prohibits prison officials from responding with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. *Farmer v. Brennan*, 511, U.S. 825, 846, 114 S.Ct. 1990, 128 L.Ed.2d 811 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* at 834. The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.*

Deliberate indifference requires that the defendants know of a substantial risk of harm to the inmate's health or safety and disregard it. *Dunigan by Nyman v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference entails something more than only negligence" but less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result. *Farmer*, 511 U.S. 835. A plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk. *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013). A prison official must demonstrate something approaching a total unconcern for a prison inmate's welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Prison officials are entitled to defer to the judgment of jail health professionals in weighing an inmate's requests regarding medical treatment. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

While a lack of bedding for more than a week may amount to an Eighth Amendment violation, a short-term deprivation is not sufficiently serious to implicate the Constitution. *Deluna v. Galipo*, 2020 U.S. Dist. LEXIS 131954, *2 (N.D. Ind. 2020) In *DeLuna,* an incarcerated individual filed an Eighth Amendment claim alleging that he was deprived of a mattress for approximately twenty-four hours. *Id.* The Court found that the short-term deprivation was not sufficiently serious to implicate the Constitution. *Id*. In *Scruggs v. Russell*, the Court found that the periodic deprivation of a mattress to an inmate on suicide watch did not constitute an Eighth Amendment violation. 2021 U.S. Dist. LEXIS 156769, at *13-14 (S.D. Ind. 2021). In *Chandler v. Westphal,* in incarcerated plaintiff brought an Eighth Amendment claim alleging that he was deprived of a mattress for nine days, and was forced to sleep on steel, without a mattress, which caused him pain because he had multiple sclerosis. 2024 U.S. Dist. LEXIS 175559, *1-2 (N.D.

Ind. 2024). The Court concluded that these conditions did not implicate the Eighth Amendment. *Id*. at *5.

Bradley claims that he went thirty-five hours without a mattress to sleep on while on suicide watch between May 9, 2022, and May 10, 2022. (Filing No. 1 at 19). While this may have been uncomfortable, these conditions do not rise to the level of a sufficiently serious condition to constitute an Eighth Amendment violation. For that reason, Defendants are entitled to summary judgment on these claims.

### B. Defendants are entitled to qualified immunity.

Furthermore, Defendants are entitled to qualified immunity from suit. As a general rule, government officials are immune from civil liability so long as their conduct conforms to what a reasonable person would have believed to be lawful in light of those rights clearly enumerated by statute or the Constitution. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the event a defendant's behavior was not clearly forbidden at the time of its commission, she is assumed to lack knowledge about the conduct's possible illegality and cannot be held liable. *Id*. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations omitted).

Designed to protect government officials "from undue interference with their duties and from potentially disabling threats of liability", the doctrine of qualified immunity serves as "an immunity from suit rather than a mere defense to liability." *Purtell v. Mason*, 527 F.3d 615, 621 (7th Cir. 2008) (citations omitted). Further, "the protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a

mistake based on mixed questions of law and fact.'" *Pearson*, 555 U.S. at 231. Since qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law," courts must determine whether a defendant is entitled to qualified immunity as early as possible during the proceedings. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Purtell*, 527 F.3d at 621.

As previously argued, Seventh Circuit courts have concluded that short-term deprivations of a mattress do not implicate the Eighth Amendment prohibition against cruel and unusual punishment. Defendants are unaware of any controlling statute or caselaw which clearly establish that their actions violated Bradley's Eighth Amendment rights. Therefore, Defendants are entitled to qualified immunity.

**WHEREFORE**, Defendants respectfully request that the Court grant their Motion for Partial Summary Judgment and for all other just and proper relief.

Respectfully submitted,

Date:   October 21, 2024                    /s/ Jordan D. Hall
                                            Attorney No. 37633-49
                                            **Lewis And Wilkins LLP**
                                            8777 Purdue Road, Suite 104
                                            Indianapolis, IN 46268-3104
                                            Phone: (317) 636-7460
                                            Fax: (317) 636-7505
                                            Email: hall@lewisandwilkins.com

## **CERTIFICATE OF SERVICE**

I certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that on October 21, 2024, I mailed, by United States Postal Service, first-class postage prepaid, the document to the following non CM/ECF participants:

Jermaine C. Bradley
DOC# 103739
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old US Hwy 41
Carlisle, IN 47838

/s/ Jordan D. Hall
Attorney No. 37633-49
**Lewis And Wilkins LLP**
8777 Purdue Road, Suite 104
Indianapolis, IN 46268-3104
Phone: (317) 636-7460
Fax: (317) 636-7505
Email: hall@lewisandwilkins.com