UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JERMAINE C. BRADLEY, | ) |
|                       *Plaintiff*, | ) ) ) |
| v. | )   No. 2:23-cv-00374-JMS-MKK |
| KOZIATEK, *Sgt.*, CHESTERFIELD, *C.O.*, and MAYES, *C.O.*, | ) ) ) |
|                       *Defendants*. | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

*Pro se* Plaintiff Jermaine Bradley was incarcerated at Wabash Valley Correctional Facility ("WVCF")[1] and alleges that Defendants Sgt. Koziatek, Officer Chesterfield, and Officer Mayes (all Correctional Officers at WVCF) violated his constitutional rights by making him sleep on a cement floor without a mattress, in a cell which contained urine and feces. Mr. Bradley claims that this caused him to suffer low back pain and his mental health to worsen. Mr. Bradley asserts an Eighth Amendment claim against all Defendants.[2] [*See* Filing No. 10.] Defendants have filed a Motion for Partial Summary Judgment as to Mr. Bradley's claim to the extent that it is based on being forced to sleep on a cement floor without a mattress, [Filing No. 35], to which Mr. Bradley did not respond. Defendants' motion is ripe for the Court's consideration.

---

[1] The Indiana Department of Correction website indicates that since the events relevant to this action, Mr. Bradley has been transferred to the New Castle Correctional Facility. The Clerk is **DIRECTED** to change Mr. Bradley's address on the docket as indicated on the distribution list for this Order.

[2] The Court screened Mr. Bradley's Complaint pursuant to 28 U.S.C. § 1915A. [Filing No. 10.]

# I.
## STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017) (cleaned up). Moreover, "where a reliable videotape clearly captures an event in dispute and blatantly contradicts one party's version of the event so that no reasonable jury could credit that party's story, a court should not adopt that party's version of the facts for the purpose of ruling on a motion for summary judgment." *McCottrell v. White*, 933 F.3d 651, 661 n.9 (7th Cir. 2019) (citing *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
### FACTUAL BACKGROUND

The facts stated below are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005). In other words, because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Bradley, including giving him the benefit of conflicting evidence, and draws all reasonable inferences in his favor. *Ziccarelli v. Dart*, 35 F.4th 1079, 1083 (7th Cir. 2022); *Khungar*, 985 F.3d at 572-73.

### A.    WVCF Policies Regarding Suicide Watch

The decision to place an inmate on suicide watch is made by a mental health provider or medical provider, and Correctional Staff are not involved in placing an inmate on suicide watch beyond reporting a suicide attempt or suicidal ideation to a medical or mental health provider. [Filing No. 36-3 at 1.] When an inmate is placed on suicide watch, they are removed from their cell, placed in a suicide smock, and placed in a holding cell. [Filing No. 36-3 at 1.] The holding cell is empty except for a toilet, sink, and bunk. [Filing No. 36-3 at 1.] Correctional staff defer to the orders of mental health providers regarding treatment of inmates on suicide watch. [Filing No. 36-3 at 2.] Mental health providers will sometimes order that an inmate's mattress be removed from the holding call for various reasons. [Filing No. 36-3 at 2.] When a mental health provider orders that an individual on suicide watch go without a mattress during the day, correctional officers on the night shift will provide the mattress for the individual to sleep on at night, unless otherwise directed by the mental health provider or if the individual refuses the mattress. [Filing No. 36-3 at 2.]

### B. Mr. Bradley Is Placed on Suicide Watch

On May 6, 2022, Mr. Bradley was living in the Secured Confinement Unit ("SCU") at WVCF. [Filing No. 36-1 at 17.] That day, he attempted suicide by cutting his wrists and was placed on suicide watch which involved moving him to a strip cell. [Filing No. 36-1 at 8-9; Filing No. 36-1 at 17.] A mental health professional ordered that Mr. Bradley be placed on suicide watch, and the order indicated that Mr. Bradley was to be under close observation, placed in a holding cell with only a suicide kimono, and only provided a mattress at bedtime. [Filing No. 36-2 at 1.]

Mr. Bradley was on suicide watch for five or six days and between May 9, 2022 and May 10, 2022, Mr. Bradley asked Sgt. Koziatek and Officers Chesterfield and Mayes for a mattress but they did not provide him with one. [Filing No. 1 at 19.] That is the only night during his time on suicide watch that he was not provided with a mattress, and he was without a mattress for approximately 35 hours. [Filing No. 1 at 19; Filing No. 36-1 at 15.] Mr. Bradley alleges that as a result of sleeping without a mattress during that time period, he suffered low back pain. [Filing No. 1 at 20.] He sought medical attention for back pain and was provided with Tylenol on May 25, 2022. [Filing No. 36-4 at 2.]

### C. The Lawsuit

Mr. Bradley initiated this litigation on July 25, 2023. [Filing No. 1.] The Court screened his Complaint pursuant to 28 U.S.C. § 1915A, and found that an Eighth Amendment claim would proceed against all Defendants related to Mr. Bradley's allegations that he was not provided a mattress and had to sleep on a cold, hard cement floor and that the cell where he was placed during

suicide watch was infested with urine and feces.[3] [Filing No. 10.] Defendants have filed a Motion for Partial Summary Judgment that relates only to Mr. Bradley's Eighth Amendment claim in connection with not being provided with a mattress. [Filing No. 35.]

## III.
### Discussion

At the outset, the Court notes that Mr. Bradley did not respond to Defendants' Motion for Partial Summary Judgment. The Court could grant Defendants' Motion on that basis alone, S.D. Ind. L.R. 7-1(c)(5) ("[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline"), but prefers to rule on the merits of motions and so will consider Defendants' arguments below.

In support of their Motion for Partial Summary Judgment, Defendants argue that "[w]hile a lack of bedding for more than a week may amount to an Eighth Amendment violation, a short-term deprivation is not sufficiently serious to implicate the Constitution." [Filing No. 37 at 5.] They assert that while not having a mattress for 35 hours "may have been uncomfortable," it does not rise to the level of an Eighth Amendment violation. [Filing No. 37 at 6.] Defendants also contend that they are entitled to qualified immunity from suit because "Seventh Circuit courts have concluded that short-term deprivations of a mattress do not implicate the Eighth Amendment prohibition against cruel and unusual punishment," and they are "unaware of any controlling statute or caselaw which clearly establish that their actions violated [Mr.] Bradley's Eighth

---

[3] Mr. Bradley initially named "Officer Alverez" as a Defendant, but counsel for the Indiana Department of Correction ("IDOC") notified the Court that IDOC was not able to identify a Correctional Officer with that name. [See Filing No. 32.] The Court provided Mr. Bradley with 90 days to conduct limited discovery aimed at identifying the individual he named as "Officer Alverez" and to amend his Complaint to reflect that Defendant's proper name, but Mr. Bradley never did so. [See Filing No. 32.] Accordingly, the Court dismissed all claims against "Officer Alverez" without prejudice. [Filing No. 32.]

Amendment rights." [Filing No. 37 at 7.]

"A public official is entitled to qualified immunity from suit unless he [or she] violated a clearly established constitutional right." *Dockery v. Blackburn*, 911 F.3d 458, 466 (7th Cir. 2018) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Whether qualified immunity applies involves two questions, which may be addressed in either order: "(1) whether the facts alleged…by the plaintiff establish a violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Dockery*, 911 F.3d at 466. The Court first considers whether Defendants violated Mr. Bradley's Eighth Amendment right when they did not provide him with a mattress for 35 hours while on suicide watch, before turning, if necessary, to whether that right was clearly established.

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quotations and citation omitted). Pursuant to the Eighth Amendment, prison officials have the duty to provide humane conditions of confinement and "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).

To succeed on a conditions-of-confinement claim under the Eighth Amendment, a plaintiff must demonstrate that: (1) he was incarcerated under conditions that posed a substantial risk of objectively serious harm; and (2) the defendants were deliberately indifferent to that risk, meaning they were aware of it but ignored it or failed "to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citing cases).

The objective showing requires "that the conditions are sufficiently serious – *i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (quotation and citation omitted). "According to the Supreme Court,…'extreme deprivations are required to make out a conditions-of-confinement claim.'" *Id.* (quoting *Hudson*, 503 U.S. at 9). "If under contemporary standards the conditions cannot be said to be cruel and unusual, then they are not unconstitutional, and to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Giles*, 914 F.3d at 1051 (quotation, citation, and alteration omitted).

After showing the objective component, a plaintiff must next establish "a subjective showing of a defendant's culpable state of mind," and "the state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Id.* (quotation omitted). In addition, negligence or even gross negligence is not sufficient to support a conditions-of-confinement claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018).

The Court turns first to the objective component of Mr. Bradley's Eighth Amendment claim related to being deprived of a mattress. Both the Seventh Circuit Court of Appeals and multiple district courts within the Seventh Circuit have held that depriving an inmate of a mattress for periods of time much longer than 35 hours is not a violation of the Eighth Amendment. *See, e.g.*, *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) (holding that "[s]leeping for three days on a bedframe without a mattress is not extreme" even where inmate "sought medical treatment for a sore back because of the sleeping arrangements" and "was merely prescribed a cold pack and analgesics"); *Chandler v. Westphal*, 2024 WL 4332812, at *2 (N.D. Ind. Sept. 26, 2024) (granting summary judgment to defendants where inmate with multiple sclerosis slept in metal bed frame

7

without mattress for nine days); *Hooks v. Dorrow-Stevens*, 2024 WL 3983820, at *2 (E.D. Wis. Aug. 29, 2024) (holding that defendants did not violate inmate's Eighth Amendment rights by forcing him to sleep on a concrete bed without a sleeping mat for six days); *Scruggs v. Russell*, 2021 WL 3674703, at *5 (S.D. Ind. Aug. 19, 2021) (taking inmate's mattress away at various times during confinement in SCU (which lasted less than 16 days) because he had used mattress to barricade himself did not violate Eighth Amendment); *Jenkins v. Miller*, 2018 WL 6788527, at *8-9 (W.D. Wis. Dec. 26, 2018) (granting summary judgment to defendants where inmate was forced to sleep on steel bed without a mattress for 23 days).

Depriving Mr. Bradley of a mattress for 35 hours simply does not rise to the level of denying him "the minimal civilized measure of life's necessities, creating an excessive risk to [his] health and safety." *Giles*, 914 F.3d at 1051; *Stephens*, 145 F. App'x at 181 ("[A] short-term deprivation is less serious for Eighth Amendment purposes than a long-term one."). Accordingly, Defendants did not violate Mr. Bradley's Eighth Amendment rights and they are entitled to qualified immunity on Mr. Bradley's Eighth Amendment claim based only on the deprivation of a mattress for 35 hours.[4]

## IV.
### SCOPE OF REMAINING CLAIM

It is important to note that Mr. Bradley's Eighth Amendment claim is based on two theories: (1) that depriving him of a mattress so that he had to sleep on "the cold hard cement floor," which resulted in low back pain, was cruel and unusual punishment, [*see* Filing No. 1 at 19-20]; and (2) that forcing him to sleep on the floor "in a cell infested with urine and poop" was cruel and unusual

---

[4] Since the Court has found that Defendants did not violate Mr. Bradley's Eighth Amendment right by failing to provide him with a mattress, it need not and does not also consider whether such a right was clearly established.

8

punishment, [*see* Filing No. 1 at 8]. "Some conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone," but this occurs "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) (quotation and citation omitted). Sleep is considered a "human need." *See Grender v. Wall*, 2016 WL 3093903, at *6 (E.D. Wis. June 1, 2016) (recognizing sleep as a "distinct human need"). Whether being forced to sleep on the floor of a cell that contained urine and feces violated Mr. Bradley's Eighth Amendment rights is not the subject of Defendants' Motion for Partial Summary Judgment – rather, the Motion is framed as applying only to a claim that depriving Mr. Bradley of a mattress for 35 hours, which caused low back pain, violated his Eighth Amendment rights. The Court clarifies that the fact that Mr. Bradley had to sleep on the floor may be relevant to – and may be used to support – his remaining Eighth Amendment claim based on the cell containing urine and feces. In other words, Mr. Bradley is not precluded from relying on the fact that he had to sleep on the floor for 35 hours in pursuing his claim that being in a cell with urine and feces was cruel and unusual punishment in violation of the Eighth Amendment. But his claim based only on being denied a mattress for 35 hours, which caused low back pain, fails as a matter of law.

## V.
### Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment as to Mr. Bradley's Eighth Amendment claim based solely on being deprived of a mattress for 35 hours. [35.] No partial final judgment shall issue. Mr. Bradley's Eighth Amendment claim based on being held in a cell that was infested with urine and feces will proceed.

Date: 5/6/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Jermaine C. Bradley
#103739
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362